UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

CIVIL ACTION NO.   3:98-225 (BERTELSMAN, JUDGE)

B-T DISSOLUTION, INC., ET AL                                                         PLAINTIFFS


                                        MEMORANDUM
vs.                                 OPINION AND ORDER


PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY, ET AL                                                            DEFENDANTS


**INTRODUCTION**

Provident Life and Accident Insurance Company ("Provident") appealed this court's judgment in favor of B-T Dissolution, Inc. ("B-T"), for certain insurance benefits.  This court had rejected Provident's defenses to liability and coverage under the policy.  This court also granted summary judgment rejecting B-T's claim to damages for bad faith in the handling of the claim.

The matter was appealed to the Sixth Circuit which affirmed this court's decision, except for the calculation of pre-judgment interest. *B-T Dissolution, Inc. v. Provident Life & Accident Insurance Company,* 123 Fed. Appx. 159, 2004 WL 2912805 (6th Cir.(Ohio)).   The parties have now returned to this court concerning the issue of whether Plaintiff can recover attorney fees for both the lower court litigation, the appeal and this attorney fee dispute.

On June 9, 2005 this matter came before the court on Plaintiff's Motion for Attorney Fees (Doc. # 239).  Plaintiff was represented by Toby Henderson and Defendant was represented by C.J. Wright and Brandon McGrath.  The proceedings were recorded by court reporter Shandy

Ehde.

## FACTUAL BACKGROUND

Provident Life and Accident Insurance Company ("Provident") issued a disability insurance policy to B-T Dissolution, Inc. ("B-T"), insuring Steven S. Matthews ("Matthews"), an employee of B-T. B-T and Matthews had a buy-sell agreement by which B-T would purchase the shares of B-T stock owned by Matthews if Matthews became totally disabled. B-T's insurance policy with Provident provided a pay-out to B-T to cover such a purchase.

B-T and Matthews applied for the policy in 1994, and Provident issued the policy. This court found that Matthews became disabled on October 31, 1994. Matthews' disability was caused by a psychological impairment that Matthews' treating physician diagnosed as "panic disorder and specific phobia of returning to work." Matthews resigned from B-T on January 25, 1995, triggering his buy-sell agreement with B-T. B-T filed a claim with Provident on April 5, 1994, seeking indemnification under the policy. B-T then brought the underlying proceeding seeking recovery under the policy plus damages for bad faith on the part of Provident in declining payment under the policy. Summary judgment was granted wherein the court rejected B-T's claim to damages for bad faith in the handling of the claim.

Provident appealed a variety of issues and B-T cross-appealed the summary judgement as to the bad faith issue. The Sixth Circuit affirmed the decision of the district court, save for the calculation of pre-judgment interest. The parties now dispute whether Plaintiff can recover its attorney fees and costs from the underlying litigation, the appeal and this attorney fee dispute.

At this time, the court is presented with the following two issues: 1)Whether Ohio law allows recovery for attorney fees for the breach of contract phase of insurance coverage litigation

2

when it is determined that the insurer has breached its contract of insurance by wrongfully (but not in bad faith) denying benefits under the policy; and 2) Whether Ohio law allows the recovery of additional fees and expenses incurred in the appeal of the breach of contract issue and the fees expended in pursuing the request for attorney fees?

Plaintiff argues that Ohio recognizes an exception to the "American Rule" and allows policyholders, without a showing of bad faith, to recover attorney fees when forced to litigate with their insurers to enforce their policy rights. This exception, Plaintiff claims, is based upon the disparity of bargaining power between the two parties and the theory that insureds who have been wrongfully denied benefits, should be returned to the position they should have been, had the insurer properly paid under the policy. Without this exception, Plaintiff argues, insureds would be discouraged from attempting to enforce its bargained for rights under the policy. Plaintiff argues that this theory carries over and includes those fees incurred as a result of the appeal and the proceedings to recover fees. Plaintiff continues that all the fees it claims are reasonable and they fairly represent the necessary and appropriate work performed in the litigation of this matter.

Defendant argues that Plaintiff's position is without merit because attorney fees are not recoverable in a breach of contract action absent a declaratory judgment action, a statutory authorization, bad faith or a wrongful refusal of an insurer to defend a negligence action brought against the insured. Moreover, Provident argues that because this case involves a disability policy requiring indemnification, rather than a liability policy requiring a defense, it is a simple breach of contract action for which attorney fees are not recoverable.

Moreover, Defendant argues that B-T's motion for attorney fees is frivolous and B-T

3

should pay Provident's fees incurred in responding to the motion, the fees requested by B-T are unreasonable for a breach of contract action, are absurd based upon the descriptions of the work allegedly performed, and the fees requested for the appeal and the motion for fees are unreasonable as well.

For the reasons outlined below, the court finds that Plaintiff is not entitled to recover attorney fees and costs for the breach of contract action nor for the fees and costs incurred in the appeal nor for the fees and costs incurred in pursuing attorney fees. Ohio law only allows recovery in breach of contract actions involving insurers where there is a finding of bad faith or a wrongful refusal to defend under a liability policy. Neither of those situations exist in this case. Therefore, Plaintiffs claims are without merit and its motion is denied.

**ANALYSIS**

Plaintiff relies almost exclusively on *Motorists Mutual Insurance Co. v. Trainor*, 294 N.E.2d 874, 878 ( Ohio 1973). Therein, it is held that under Ohio law, attorney fees are not usually recoverable in a breach of contract action. *Id. (citing Gates v. Toledo*, 48 N.E. 500 (Ohio 1897)). There is an exception, however, that allows such recovery where a liability insurer wrongfully refuses to defend an action against its insured. *Id.* (*citing Socony-Vacuum Oil Co. v. Continental Casualty Co.*, 59 N.E.2d 199 (Ohio 1945)). As stated in *Battelle Memorial Institute v. Insurance Company of North America*, 1976 WL 190397 (Ohio App. 10 Dist.), "Ordinarily, each party to an action must bear his own attorney fees. Certain exceptions are made, including the right to recover attorney fees expended in defending an action which an insurance company refuses to defend in breach of its contract." *Id.* at 3.

As specifically stated in *Trainor*, this exception applies in the narrow circumstance where

the insurer has breached a clear duty to defend the underlying negligence action: "Where an insurer wrongfully refuses to defend an insured in a negligence action unless the insured agrees to additional conditions not included as policy provisions, the insured is entitled to recover from the insurer his expenses, including reasonable attorney fees, in defending the action." *Trainor,* 294 N.E. at 876 at syllabus 4. Interestingly, this is the primary case cited by Plaintiff in support of its position. Unfortunately, however, the case does not support its argument.

Ohio law further explains that even where the failure to defend is as to a negligence action, attorney fees may be recovered only where "there is a clear duty to defend, and the refusal is tantamount to bad faith. On the other hand, attorney fees may not be recovered in such an action where the refusal by the insurance company is made in good faith predicated upon a debatable legal issue." *Battelle*, 1976 WL 190397 at 4; *Turner Construction Co. v. Commercial Union Ins.*, 492 N.E.2d 836, 840 ( Ohio App. 1985).

There is no case law that has expanded this exception to cases involving the determination of the duty of an insurer to indemnify under a disability policy. In addition, a party seeking legal fees pursuant to a contract cannot ordinarily recover its expense in resisting an appeal from a judgment allowing them. *Turner*, 492 N.E.2d at 840.

In the present case, there was no underlying negligence action that the insurer refused to defend. And, even if the rule expanded to, or the court were to analogize with, actions seeking to enforce indemnification under an insurance contract, there was a specific finding of no bad faith that has been affirmed. Therefore, the exception to the "American Rule" where each party is to bear its own costs, does not apply. Neither does Ohio law allow the recovery of fees expended in an appeal of the breach of contract issues. As such, the Plaintiff cannot recover the fees it

incurred as a result of this action nor the fees it incurred as a result of the appeal or its motion for attorney fees.  Plaintiff's motions, therefore, are **denied**.

      **IT IS SO ORDERED** this 10th day of June, 2005.



Signed By:
William O. Bertelsman WOB
United States District Judge

TIC: 12 min.